UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CAMPAIGN LEGAL CENTER, et al.,

*Plaintiffs*,

v.

SOCIAL SECURITY ADMINISTRATION,

*Defendant*.

Civil Action No. 25-03830 (CKK)

**ANSWER**

Defendant Social Security Administration (the "Agency" or "Defendant"), by and through

the undersigned counsel, respectfully submits the following Answer to Plaintiffs' Complaint, in

this Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, action.  *See* ECF No. 1.

Defendant responds to the separately numbered paragraphs (as numbered by Plaintiffs) and

prayer for relief contained in the Complaint below.  To the extent that any allegation is not admitted

herein, it is denied.  Moreover, to the extent that the Complaint refers to or quotes from external

documents, statutes, or other sources, Defendant may refer to such materials for their accurate and

complete contents; however, such references are not intended to be, and should not be construed

to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiffs; (b) are

relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

To the extent the Complaint alleges background facts unnecessary to the consideration of

Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging

information that is unnecessary to a "short and plain" statement of the claim.  The Court should

strike all such immaterial and impertinent matters pursuant to Rule 12(f).  *See Mich. Immigr. Rts.*

*Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.

Defendant responds to the Complaint in like numbered paragraphs as follows:

1.      Paragraph 1 consists of Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendant admits only that on March 25, 2025, President Trump issued Executive Order 14248, titled "Preserving and Protecting the Integrity of American Elections," and denies any characterization of the authority that is inconsistent with its plain language or controlling interpretation.

2.      Paragraph 2 consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is deemed necessary, Defendant denies any characterization of the authority that is inconsistent with its plain language or controlling interpretation.

3.      Paragraph 3 consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is deemed necessary, Defendant denies any characterization of the authority that is inconsistent with its plain language or controlling interpretation.

4.      Paragraph 4 consists of Plaintiffs' conclusions of law, to which no response is required. To the extent a response is deemed necessary, Defendant denies any characterization of the authority that is inconsistent with its plain language or controlling interpretation.

5.      Paragraph 5 consists of Plaintiffs' representations of DHS public announcements. Defendant respectfully refers the Court to the cited news release for a complete and accurate statement of its contents and denies the representations in Paragraph 5 to the extent they are inconsistent.

6.      Paragraph 6 contains allegations and characterizations about a Department of Homeland Security (DHS) system for which SSA lacks sufficient information to form a belief about the truth of the allegations in this paragraph and, therefore, denies.

7.      Paragraph 7 consists of facts unnecessary to the consideration of Defendant's response to the FOIA request at issue.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies.

8.      Paragraph 8 consists of facts unnecessary to the consideration of Defendant's response to the FOIA request at issue.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in this paragraph and, therefore, denies.

9.      Paragraph 9 consists of facts unnecessary to the consideration of Defendant's response to the FOIA request at issue.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in this paragraph and, therefore, denies.

10.     Paragraph 10 includes conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies Plaintiffs' characterization of the law and lacks knowledge or information sufficient to form a belief about the truth of allegations related to DHS conduct in this paragraph and, therefore, denies.

11.     Defendant admits that it received a FOIA request from Plaintiff on August 7, 2025.  The remainder of this paragraph consists of Plaintiffs' characterization of its FOIA request, to which no response is required.  To the extent a response is required, Defendant refers the Court to the request for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

12.     Paragraph 12 consists of a request for relief, to which no response is required.  To the extent that a response is required, Defendant denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

**JURISDICTION AND VENUE[1]**

13.     Paragraph 13 consists of conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant admits only that the Court has jurisdiction over claims involving proper FOIA requests, subject to the terms and limitations of the FOIA.

14.     Paragraph 14 consists of conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant admits only that the Court has venue over claims involving proper FOIA requests, subject to the terms and limitations of FOIA.

15.     Paragraph 15 consists of Plaintiffs' conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

---

[1]     Merely for ease of reference, Defendant replicates the headings contained in the Complaint.  Although Defendant believes that no response is required to such headings (Fed. R. Civ. P. 10(b)), to the extent a response is deemed required and to the extent those headings could be construed to contain factual allegations, those allegations are denied.

**PARTIES**

16.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies.

17.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies.

18.     Defendant admits only that it is an agency of the federal government and that it is subject to FOIA.  The remaining allegations in this paragraph consist of conclusions of law to which no response is required.

**STATEMENT OF FACTS**

19.     Defendant admits that it received a FOIA request from Plaintiffs on August 7, 2025. The remainder of Paragraph 19 consists of Plaintiffs' characterization of its Freedom of Information Act request, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the request for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

20.     Paragraph 20 consists of Plaintiffs' characterization of its Freedom of Information Act request, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the request for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

21.     Defendant admits that on August 7, 2025, the Agency received Plaintiffs' FOIA request, and assigned the request the tracking number 2025-FOIA-02478.

22.     Paragraph 22 consists of Plaintiffs' characterization of communications from SSA. Defendant admits that on September 30, 2025, the Agency sent Plaintiffs a notice denying Plaintiffs' request for fee waiver that contained the quoted language about further correspondence to be issued on fee amounts.

23.    Defendant admits that, from September 30, 2025, to the filing of the complaint, the Agency did not send communications about the request to Plaintiffs.

24.    Defendant admits that, from September 30, 2025, to the filing of the complaint, the Agency did not send communications about the request to Plaintiffs; Defendant otherwise denies.

25.    Paragraph 25 consists of conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies.

## COUNT I

**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

26.    Defendant incorporates by reference its responses to all preceding paragraphs as if set forth fully herein.  To the extent an additional response is deemed required, Defendant denies.

27.    Paragraph 27 consists of Plaintiffs' conclusions of law to which no response is required. To the extent an additional response is deemed required, Defendant denies.

28.    Paragraph 28 consists of Plaintiffs' conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant admits only that it is an agency subject to FOIA.

29.    Paragraph 29 consists of Plaintiffs' conclusions of law to which no response is required. To the extent an additional response is deemed required, Defendant denies.

30.    Paragraph 30 consists of Plaintiffs' conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies.

31.    Paragraph 31 consists of Plaintiffs' conclusions of law and requests for relief, to which no response is required.  To the extent a response is deemed required, Defendant denies all allegations and that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

6

## COUNT II

### Violation of FOIA, 5 U.S.C. 552.
### Wrongful Withholding of Non-Exempt Responsive Records

32.     Defendant incorporates by reference its responses to all preceding paragraphs as if set forth fully herein.  To the extent an additional response is deemed required, Defendant denies the allegations.

33.     Paragraph 33 consists of Plaintiffs' conclusions of law to which no response is required.  To the extent an additional response is deemed required, Defendant denies.

34.     Paragraph 34 consists of Plaintiffs' conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies.

35.     Paragraph 35 consists of Plaintiffs' conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies.

36.     Paragraph 36 consists of Plaintiffs' conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies.

37.     Paragraph 37 consists of Plaintiffs' conclusions of law and requests for relief, to which no response is required.  To the extent a response is deemed required, Defendant denies all allegations and that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## REQUESTED RELIEF

The remainder of the Complaint consists of Plaintiffs' requests for relief, to which no response is required.  To the extent that a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

7

## AFFIRMATIVE AND OTHER DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation. Defendant does not assume the burden for any defense in which the burden is properly placed on Plaintiff.

### FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to FOIA or the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

### SECOND DEFENSE

The Court lacks subject matter jurisdiction over Plaintiffs' request for relief that exceeds the relief authorized under FOIA.

### THIRD DEFENSE

Defendant has exercised due diligence in responding to Plaintiffs' FOIA request and exceptional circumstances exist that necessitate additional time for Defendant to search for and process records, if any, responsive to Plaintiffs' FOIA request.

### FOURTH DEFENSE

Plaintiffs are neither eligible for nor entitled to attorneys' fees or costs.

### FIFTH DEFENSE

Defendant has not improperly withheld records requested by Plaintiffs under FOIA, to the extent such records exist.

## SIXTH DEFENSE

Plaintiffs' claims regarding fee waiver are not ripe for judicial review.

## SEVENTH DEFENSE

Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

## EIGHTH DEFENSE

Plaintiff is not entitled to the production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

Dated: December 15, 2025
　　　　Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By:　　*/s/ Amanda L. Torres*
AMANDA L. TORRES, D.C. Bar #1562702
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2551

*Attorneys for the United States of America*

9